1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARK A. SMITH,                          Case No. 1:11-cv-01067 LJO JLT (PC)

12           Plaintiff,                      FINDINGS AND RECOMMENDATION
                                             DISMISSING THE COMPLAINT
13       vs.
                                             (Doc. 1)
14   DR. FRANK HOSHINO, et al.,

15           Defendants.

16   _____/

17          Plaintiff is a state civil detainee proceeding pro se and in forma pauperis with a civil rights action

18   pursuant to 42 U.S.C. § 1983.  Now pending before the Court is Plaintiff's complaint filed June 27,

19   2011.  (Doc. 1.)

20   **I.        Screening Requirement**

21          Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds

22   in forma pauperis if the court determines that the case "fails to state a claim on which relief may be

23   granted" or is "frivolous."

24          To state a claim on which relief may be granted, plaintiff must set forth "sufficient factual matter,

25   accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct.

26   1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A district court

27   must liberally construe a pleading filed by a self-represented litigant to determine if it states a claim and,

28   before dismissal, outline the deficiencies in the complaint and give the plaintiff an opportunity to amend

1

1 unless the deficiencies cannot be cured. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

2       A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v.

3 Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

4 Accordingly, the court may dismiss a claim as frivolous where it is based on an indisputably meritless

5 legal theory. Neitzke, 490 U.S. at 327.

6       In order to sustain a cause of action under 42 U.S.C. § 1983[1], a plaintiff must show (i) that he

7 suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the

8 violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates,

9 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff

10 demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted

11 to perform an act which he was legally required to do that caused the deprivation complained of. Arnold

12 v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir.

13 1978)).

14       To plead under § 1983, Plaintiff must comply with Federal Rule of Civil Procedure 8(a)(2),

15 which requires only "'a short and plain statement of the claim showing that the pleader is entitled to

16 relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which

17 it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355

18 U.S. 41, 47 (1957)). Nevertheless, Plaintiff's obligation to provide the grounds of entitlement to relief

19 under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic

20 recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must

21 contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'"

22 Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S.

23 at 570) (emphasis added).

24 **II.**    **The Complaint**

25     **A.**    **Plaintiff's allegations**

26       Plaintiff alleges he is a civil detainee held under California's Sexually Violent Predator Act

27

28       [1]The complaint does not specify under what federal statute he intends to sue. However, because he seeks to vindicate his right to due process and equal protection, it appears he intends to proceed under 42 USC § 1983.

2

("SVPA"). Plaintiff alleges that Defendants "performed and illegal assessment." (Doc. 1 at 3) Plaintiff claims that he refused to be assessed upon the advice of his attorney because "I am still on appeal."[2] Id. Plaintiff provides his refusal form on which he indicated that he did not agree to submitting to the annual assessment under the SVPA.  Id.  at 4.  Notably, this form advised Plaintiff,

> By signing this notice, you are acknowledging that you understand that you are being evaluated to determine whether you continue to meet the definition of a Sexually Violent Predator (SVP) pursuant to Section 6600, et seq. of the California Welfare and Institutions Code. The statute requires that an annual examination of your condition be made yearly and that this Annual Report be sent to the court.

> This evaluation is designed to determine whether facts exist to support a finding that you no longer meet the legal criteria as an SVP and to provide an update of your progress to the court. You are being evaluated by one doctor (usually a psychologist), whose job is to provide an unbiased assessment of your mental condition and your risk to commit future sexual crimes. The doctor conducting the evaluation will determine if you continue to have a mental condition that makes you likely to commit sexual crimes in the future.

> The evaluation includes a review of your records, an interview, and sometimes psychological testing. **The interview is voluntary; however, regardless of your participation, the doctor will write a report on your case, and may later testify if your case goes to trial.** Any information that you provide during the interview, regardless of whether you sign this document, may become part of the Annual Report and court testimony.

> If this evaluation finds you no longer meet the criteria under the SVP law, then the court still must review your case to determine whether you in fact will remain an SVP. If the court finds that you continue to meet the criteria under the SVP law, your involuntary commitment at Coalinga State Hospital will remain in effect.

Id.

> Despite the information provided in this notice, here Plaintiff complains,

> Dr. Hoshino relied solely on my past assessments from ten years ago, not current evaluations.  Dr. Hoshino did not use the law as the Courts require for a "Sexually Violent Predator" evaluation.  Thus, Dr. Hoshino has committed fraud and slander in his illegal reports.

(Doc. 1 at 3) Plaintiff claims that the state court relied upon Dr. Hoshino's unlawful assessment to maintain Plaintiff's SVP status and detention.  Id.  Plaintiff requests the Court investigate Dr. Hoshino and Coalinga State Hospital "and their illegal dealings, as well as their illegal SVP Evaluations. " Id. Plaintiff continues, "I request an investigation into the wrong that they use to keep me here. I am asking for justice, which I have not been getting for the past ten years from the courts." Id.

---

[2]Presumably Plaintiff is challenging his detention as an SVP.

1    **B.**    **The SVPA**

2          To be determined to be an SVP, the detainee must have been convicted of a sexually violent

3  offense and have a diagnosed mental disorder that makes it "likely that he . . . will engage in sexually

4  violent criminal behavior."  Cal. Welf. & Instit. Code § 6606(a)(1).  Sexually violent offenses include

5  such acts as rape, spousal rape, aggravated sexual assault of a child, sodomy, lewd or lascivious acts

6  involving children, oral copulation, continuous sexual abuse of a child and penetration by a foreign

7  object or kidnapping or assault with the intent to commit one of these other crimes.  Cal. Welf. & Instit.

8  Code 6000(b).  The sexually violent act must have been committed "by force, violence, duress, menace,

9  fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate

10  in the future against the victim or any other person . . ." Id.  SVPs may be held for an indeterminate term

11  but the continued need for detention must be reviewed annually.  Cal. Welf. & Inst. Code §§ 6604, 6605.

12          Though SVPs are not prisoners, the danger they pose to others cannot be ignored.  "Sexually

13  violent predators are involuntarily committed because their mental disease makes them dangerous to

14  others. [Footnote] Neither the commitment nor the evaluation proceeding is something they themselves

15  seek in order to obtain a cure. The state evaluates and commits to protect others from them." Seaton v.

16  Mayberg, 610 F.3d 530, 540 (9th Cir. 2010), footnote omitted.  Likewise, in Garcetti v. Superior Court,

17  85 Cal.App.4th 1113, 1117 (Cal. App. 2d, 2000), the court held that the Sexual Violent Predator Act "is

18  aimed at protecting society from, and providing treatment for, that 'small but extremely dangerous group

19  of sexually violent predators' who have diagnosable mental disorders identified while they are

20  incarcerated for designated violent sex crimes, and who are determined to be unsafe and, if released, to

21  represent a danger to others through acts of sexual violence."

22          Nevertheless, Plaintiff's status under the SVPA makes him a civil detainee.  "Persons who have

23  been involuntarily committed are entitled to more considerate treatment and conditions of confinement

24  than criminals whose conditions of confinement are designed to punish. Youngberg v. Romeo, 457 U.S.

25  307, 322 (1982)).  As such, Plaintiff is entitled, at a minimum, to those rights provided to inmates

26  confined in penal institution.  McNeal v. Mayberg, 2008 U.S. Dist. LEXIS 101926 at *3 (E.D. Cal. Dec.

27  3, 2008).  Thus, the Court is on sound footing in relying upon cases involving incarcerated persons as

28  a constitutional minimum to which Plaintiff is entitled.

III.    **Because the Federal Court is a court of limited jurisdiction, the complaint must be dismissed.**

Federal courts are courts of limited jurisdiction.  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).  Generally, federal jurisdiction may be invoked if a civil action arises under the Constitution, laws, or treaties of the United States, <u>see</u> 28 U.S.C. § 1331, or if there is complete diversity between the parties and the amount in controversy exceeds $75,000.  <u>See</u> 28 U.S.C. § 1332. It is presumed that a cause lies outside this limited scope, and the burden of establishing the contrary rests upon the party asserting federal jurisdiction.  <u>Kokkonen</u>, 511 U.S. at 377; <u>Vacek v. United States Postal Serv.</u>, 447 F.3d 1248, 1250 (9th Cir. 2006).  As discussed below, where, as here, the complaint presents only state law claims that satisfy neither "federal question" nor "diversity" jurisdiction, the action must be dismissed for lack of jurisdiction.

A.    <u>The Court may not sit in review of the state court judgment</u>

Plaintiff challenges the state court determination, based upon Dr. Hoshino's unfavorable evaluation. (Doc. 1 at 3) In particular, Plaintiff seems to suggest that if he refuses to submit to an assessment, the doctors are prohibited from making an assessment for the court.  This is contradicted by California Welfare and Institutions Code section 6605(a) which <u>requires</u> the state court to review the detainee's custody status every year based upon the declaration of a mental heal professional.  In any event, this Court lacks the authority to determine whether the state court acted appropriately.

A party may not seek appellate review in federal court of a decision made in the state court under the <u>Rooker-Feldman</u> doctrine.  <u>See</u> <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).  Accordingly, the Court "lack[s] jurisdiction to exercise appellate review over final state court judgments." <u>Henrichs v. Valley View Dev.</u>, 474 F.3d 609, 613 (9th Cir. 2007).  The Ninth Circuit explained,

> Typically, the Rooker Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

<u>Doe v. Mann</u>, 451 F.3d 1038, 1041-42 (9th Cir. 2005).  In addition, a complaint in federal court must be dismissed for lack of subject matter jurisdiction if the "claims raised are . . . 'inextricably intertwined'

1  with the state court's decision such that the adjudication of the federal claims would undercut the state

2  ruling." Bianchi v. Rylaarsdam, 334 F.3d 894, 898 (9th Cir. 2003), citing Feldman, 460 U.S. at 483,

3  485.

4          Here, the state court's judgment determined that Plaintiff continues to be a danger to the public

5  and Plaintiff takes issue with failure of the state court to provide him "justice." (Doc. 6-2)  Thus, in

6  essence, Defendant seeks federal court review of the state court judgment.  According to the Rooker-

7  Feldman doctrine, therefore, the Court lacks jurisdiction over the matter.  See Exxon Mobile Corp v.

8  Saudi Basic Indus. Corp., 544 U.S. 280, 284, 292-93 (2005) (The Rooker-Feldman doctrine precludes

9  the district court from appellate review of "cases brought by state-court losers complaining of injuries

10 caused by state-court judgments rendered before the district court proceeding commenced . . .").

11         Likewise, Plaintiff takes issue with the information upon which Dr. Hoshino relied and claims

12 that the doctor used dated information rather than the more recent assessments that had been performed.

13 (Doc. 1 at 3) He asserts that this constitutes fraud and slander. Id.  Once again, this Court lacks the

14 authority to determine the reliability of the evidence presented to the state court.  To do so has the

15 potential to improperly undermine the state court judgment in violation of Rooker/Feldman.[3]

16         **B.      No leave to amend**

17         The Court will not grant Plaintiff leave to amend because it is apparent that the deficiencies

18 identified in this order cannot be cured.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987)

19 ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that

20 the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted)

21 **IV.    Findings and Recommendation**

22         Accordingly, it is hereby Recommended that Plaintiff's complaint be **DISMISSED**;

23         These findings and recommendations are submitted to the United States District Judge assigned

24 to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 21 days after being served with

25

26         [3]On the other hand, if Plaintiff claims that he is being held in violation of the United States Constitution . . . ." (28 U.S.C. § 2254(a)) and wishes to challenge the "legality or duration" of his confinement, the proper vehicle is a petition for

27 writ of habeas corpus. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Hill v. McDonough, 547 U.S. 573, 579, 128 S.Ct. 2096 (2006)(challenges to the lawfulness of confinement or to

28 particulars affecting its duration are the province of habeas corpus); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

these findings and recommendations, Plaintiff may file and serve written objections with the Court.  A document containing objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 31, 2011**                          **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE